Peter L. Giunta
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022-6030
212.536.3900 (T)
212.536.3901 (F)
peter.giunta@klgates.com

*Of Counsel*

Michael J. Freno
Theodore J. Angelis
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
206.623.7580 (T)
206.623.7022 (F)
michael.freno@klgates.com
theo.angelis@klgates.com
(*pro hac vice* applications to be filed)

*Attorneys for Par Pharmaceutical, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

ALCON PHARMACEUTICALS LTD.,
ALCON LABORATORIES, INC., and
ALCON RESEARCH, LTD.,

Plaintiffs,

v.

PAR PHARMACEUTICAL, INC.,

Defendant.

Civil Action No.: 3:15-cv-07240-PGS-DEA

**DEFENDANT'S ANSWER AND COUNTERCLAIMS**

Defendant Par Pharmaceutical, Inc. ("Par") hereby responds to plaintiffs Alcon Pharmaceuticals Ltd. ("Alcon Pharmaceuticals"), Alcon Laboratories, Inc. ("Alcon Laboratories"), and Alcon Research, Ltd.'s ("Alcon Research") (collectively, "Alcon") complaint as follows:

## THE PARTIES

1. Par lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

2. Par lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

3. Par lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

4. Par admits that Par Pharmaceutical, Inc. is a Delaware corporation, and Par has a place of business at 1 Ram Ridge Road, Chestnut Ridge, New York 10977.

**JURISDICTION AND VENUE**

5. Par admits that the complaint purports to allege an action under the patent laws of the United States. Par does not respond to legal conclusions in this paragraph. Par denies the remaining allegations in this paragraph.

6. The allegations in paragraph 6 set forth legal conclusions to which no answer is required. To the extent an answer is required, Par does not dispute subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Par denies the remaining allegations in this paragraph.

7. Par does not dispute personal jurisdiction for the purposes of this action only. The allegations in paragraph 7 set forth legal conclusions to which no answer is required, and therefore Par denies them. Par denies the remaining allegations in this paragraph.

8. Par denies that it has a place of business at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

9. The allegations in paragraph 9 set forth legal conclusions to which no answer is required, and therefore Par denies them.

10. Par admits that it submitted Abbreviated New Drug Application ("ANDA") No. 204424 to the United States Food and Drug Administration ("FDA") seeking approval to engage in commercial manufacture, use, or sale of Ciprofloxacin and Dexamethasone Otic Suspension USP 0.3% /0.1%. Par denies the remaining allegations in this paragraph.

11. Par is registered as a manufacturer and wholesaler of pharmaceutical products in the State of New Jersey. Par does not dispute personal jurisdiction for the purposes of this action only, and therefore Par denies the remaining allegations in this paragraph.

12. Par does not dispute personal jurisdiction for the purposes of this action only, and therefore Par denies the remaining allegations in this paragraph.

13. Par admits that it submitted ANDA No. 204424 to the FDA seeking approval to engage in commercial manufacture, use, or sale of Ciprofloxacin and Dexamethasone Otic Suspension USP 0.3% /0.1%. Par does not dispute personal jurisdiction for the purposes of this action only, and therefore Par denies the remaining allegations in this paragraph.

14. Par does not dispute venue in this judicial district for the purposes of this action only. The allegations in paragraph 14 set forth legal conclusions to which no answer is required, and therefore Par denies them.

**REGULATORY REQUIREMENTS FOR NEW AND GENERIC DRUGS**

15. The allegations in paragraph 15 set forth legal conclusions to which no answer is required, and therefore Par denies them.

16. Par admits that it submitted ANDA No. 204424 to the FDA seeking approval to engage in commercial manufacture, use, or sale of Ciprofloxacin and Dexamethasone Otic Suspension USP 0.3% /0.1%, including any required bioavailability or bioequivalence data or information. The remaining allegations in paragraph 16 set forth legal conclusions to which no answer is required, and therefore Par denies them.

17. 21 U.S.C. § 355(j) specifies requirements for the approval of an Abbreviated New Drug Application. The remaining allegations in paragraph 17 set forth legal conclusions to which no answer is required, and therefore Par denies them.

18. 21 U.S.C. § 355(j) specifies requirements for the approval of an Abbreviated New Drug Application. The remaining allegations in paragraph 18 set forth legal conclusions to which no answer is required, and therefore Par denies them.

**THE APPROVED DRUG PRODUCT**

19. Par admits that the FDA has publicly listed Alcon Pharmaceuticals Ltd. as a marketing approval holder pursuant to New Drug Application ("NDA") No. 021537. Par admits that Alcon apparently markets its Ciprofloxacin and Dexamethasone Otic Suspension USP 0.3% /0.1% under the tradename CIPRODEX. Par acknowledges that the FDA apparently has chosen to approve CIPRODEX for certain indications and usages as reflected in the prescribing information attached to Alcon's complaint as Exhibit A. Par lacks sufficient information to form a belief as to the truth of the remainder of the allegations in this paragraph, and therefore denies them.

20. Par admits that the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ( "the Orange Book") lists United States Patent Nos. 6,284,804 ( "the '804 patent") and 6,359,016 ( "the '016 patent") for NDA No. 021537. Par denies the remaining allegations in this paragraph.

21. Par admits that Alcon Pharmaceuticals Ltd. is listed as the assignee of record for the '804 and '016 patents by the United States Patent and Trademark Office. Par lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

**ANDA NO. 204424**

22. Par admits that before August 20, 2015, it submitted ANDA No. 204424 to the FDA seeking approval to engage in commercial manufacture, use, or sale of Ciprofloxacin and Dexamethasone Otic Suspension USP 0.3% /0.1%, including any required bioavailability or

bioequivalence data or information and including paragraph IV certifications under section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Par denies the remaining allegations in paragraph 22.

23. Par admits that it sent a notice letter to Alcon dated August 20, 2015 ("Notice Letter"), identifying the filing of ANDA No. 204424 with paragraph IV certifications for the '804 and '016 patents. Par denies the remaining allegations in this paragraph.

24. Par admits that it submitted ANDA No. 204424 to the FDA seeking approval to engage in commercial manufacture, use, or sale of Ciprofloxacin and Dexamethasone Otic Suspension USP 0.3% /0.1% before the expiration of the '804 and '016 patents, including paragraph IV certifications under section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Par denies the remaining allegations in paragraph 24.

25. Par admits that in its Notice Letter, Par provided Alcon an Offer of Confidential Access to ANDA No. 204424, pursuant to § 505(j)(5)(C)(i)(III) of the FDCA, as a separate enclosure to the Notice Letter. Par denies the remaining allegations in paragraph 25.

26. Paragraph 26 recites an incomplete portion of 21 U.S.C. § 355(j)(5)(C)(i)(III). Par denies the remaining allegations in this paragraph.

27. Par admits that it offered a copy of ANDA No. 204424 to Alcon under the Offer of Confidential Access, which contained reasonable terms, and Alcon rejected the offer. Par denies the remaining allegations in paragraph 27.

28. Par lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**COUNT 1: INFRINGEMENT OF THE '804 PATENT**

29. Par repeats and incorporates its answers to paragraphs 1–28 as if fully set forth herein.

30. Par admits that Exhibit B to the complaint purports to be a version of the ’804 patent, which apparently issued on September 4, 2001, with the title “TOPICAL SUSPENSION FORMULATIONS CONTAINING CIPROFLOXACIN AND DEXAMETHASONE.” Upon information and belief, Alcon Pharmaceuticals Ltd. owns rights in the ’804 patent. Par lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

31. Par admits that it filed ANDA No. 204424 with paragraph IV certifications to obtain FDA approval to engage in the commercial manufacture, use, or sale of Ciprofloxacin and Dexamethasone Otic Suspension USP, 0.3%/0.1% before the expiration of the ’804 patent. Par denies the remaining allegations in paragraph 31.

32. Denied.

33. Denied.

34. Denied.

35. Par admits that ANDA No. 204424 includes a paragraph IV certification stating that the ’804 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Par’s Ciprofloxacin and Dexamethasone Otic Suspension USP, 0.3%/0.1%. Par denies the remaining allegations in paragraph 35.

36. Par admits that Par gave a written notice of its paragraph IV certification stating that the ’804 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Par’s Ciprofloxacin and Dexamethasone Otic Suspension USP, 0.3%/0.1%; and Par informed Alcon that Par seeks FDA approval to engage in the commercial manufacture, use, and sale of Ciprofloxacin and Dexamethasone Otic Suspension USP, 0.3%/0.1% prior to the expiration of the ’804 patent. Par denies the remaining allegations in paragraph 36.

37. Denied.

38. Denied.

39. Denied.

**COUNT 2: INFRINGEMENT OF THE ’016 PATENT**

40. Par repeats and incorporates its answers to paragraphs 1–39 as if fully set forth herein.

41. Par admits that Exhibit C to the complaint purports to be a version of the ’016 patent, which apparently issued on March 19, 2002, with the title “TOPICAL SUSPENSION FORMULATIONS CONTAINING CIPROFLOXACIN AND DEXAMETHASONE.” Upon information and belief, Alcon Pharmaceuticals Ltd. owns rights in the ’016 patent. Par lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

42. Par admits that it filed ANDA No. 204424 with paragraph IV certifications to obtain approval FDA approval to engage in the commercial manufacture, use, or sale of Ciprofloxacin and Dexamethasone Otic Suspension USP, 0.3%/0.1% before the expiration of the ’016 patent. Par denies the remaining allegations in paragraph 42.

43. Denied.

44. Denied.

45. Denied.

46. Par admits that ANDA No. 204424 includes a paragraph IV certification stating that the ’016 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Par’s Ciprofloxacin and Dexamethasone Otic Suspension USP, 0.3%/0.1%. Par denies the remaining allegations in paragraph 46.

47. Par admits that Par gave a written notice of its paragraph IV certification stating that the ’016 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Par’s Ciprofloxacin and Dexamethasone Otic Suspension USP, 0.3%/0.1%; and Par informed Alcon that Par seeks FDA approval to engage in the commercial manufacture, use, and sale of Ciprofloxacin and Dexamethasone Otic Suspension USP, 0.3%/0.1% prior to the expiration of the ’016 patent. Par denies the remaining allegations in paragraph 47.

48. Denied.

49. Denied.

50. Denied.

**PRAYER FOR RELIEF**

Par denies that Alcon is entitled to any of the relief requested in paragraphs A–G of the complaint.

**DEFENSES TO PLAINTIFFS’ COMPLAINT**

Without any admission as to the burdens of proof, or as to any of the allegations in plaintiffs’ complaint, Par states the following:

**FIRST DEFENSE**
**(Non-infringement of the ’804 Patent)**

51. The importation, manufacture, use, offer for sale, or sale of the product that is the subject of ANDA No. 204424 will not directly, indirectly, contributorily, and/or by inducement infringe either literally or under the doctrine of equivalents any valid claim of the ’804 patent under any section of 35 U.S.C. § 271.

**SECOND DEFENSE**
**(Invalidity of the ’804 Patent)**

52. Each claim of the ’804 patent is invalid for failure to meet one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD DEFENSE**
**(Non-infringement of the ’016 Patent)**

53. The importation, manufacture, use, offer for sale, or sale of the product that is the subject of ANDA No. 204424 will not directly, indirectly, contributorily, and/or by inducement infringe either literally or under the doctrine of equivalents any valid claim of the ’016 patent under any section of 35 U.S.C. § 271.

**FOURTH DEFENSE**
**(Invalidity of the ’016 Patent)**

54. Each claim of the ’016 patent is invalid for failure to meet one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FIFTH DEFENSE**
**(Failure to State a Claim)**

55. Alcon’s allegations of indirect infringement fail to state a claim for which relief may be granted.

**COUNTERCLAIMS**

Par Pharmaceutical, Inc., (“Par”) for its Counterclaims against Alcon Pharmaceuticals Ltd. (“Alcon Pharmaceuticals”), Alcon Laboratories, Inc. (“Alcon Laboratories”), and Alcon Research, Ltd. (“Alcon Research”) (collectively, “Alcon”), alleges as follows:

1. Par is a Delaware limited liability company with a place of business at One Ram Ridge Road, Chestnut Ridge, New York 10977.

2. Upon information and belief, and on Alcon’s complaint, Alcon Pharmaceuticals is a corporation organized under the laws of Switzerland with a principal place of business at Rue Louis d’Affry 6, 1701 Fribourg, Switzerland.

3. Upon information and belief, and on Alcon's complaint, Alcon Laboratories is a corporation organized under Delaware laws with a principal place of business at 6201 South Freeway, Fort Worth, Texas 76134.

4. Upon information and belief, and on Alcon's complaint, Alcon Research is a corporation organized under Delaware laws with a principal place of business at 6201 South Freeway, Fort Worth, Texas 76134.

5. This is a declaratory judgment action under the patent laws of the United States 35 U.S.C. § 1, *et seq*. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. An actual and justiciable controversy exists between the parties.

7. The Court has personal jurisdiction over counterclaim defendants based on its contact with the District of New Jersey relating to the subject matter of this action, including having filed this suit.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

**COUNT I**
**(Declaratory Judgment of Non-infringement of the '804 Patent)**

9. Par incorporates by reference, as if fully set forth herein, the preceding paragraphs of its Answer and Counterclaims.

10. Par has not infringed and is not infringing any valid claim of the '804 patent, literally or under the doctrine of equivalents either directly or indirectly, and has not induced infringement or contributed to infringement by others.

11. A definite and concrete, real and substantial, justiciable controversy exists between Par and Alcon, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the '804 patent.

12. Par is entitled to a declaratory judgement that the ’804 patent is not infringed.

**COUNT II**
**(Declaratory Judgment of Invalidity of the ’804 patent)**

13. Par incorporates by reference, as if fully set forth herein, the preceding paragraphs of its Answer and Counterclaims.

14. Each and every claim of the ’804 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. A definite and concrete, real and substantial, justiciable controversy exists between Par and Alcon, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity of the ’804 patent.

16. Par is entitled to a declaratory judgement that the ’804 patent is invalid.

**COUNT III**
**(Non-infringement of the ’016 Patent)**

17. Par incorporates by reference, as if fully set forth herein, the preceding paragraphs of its Answer and Counterclaims.

18. Par has not infringed and is not infringing any valid claim of the ’016 patent, literally or under the doctrine of equivalents either directly or indirectly, and has not induced infringement or contributed to infringement by others.

19. A definite and concrete, real and substantial, justiciable controversy exists between Par and Alcon, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the ’016 patent.

20. Par is entitled to a declaratory judgement that the ’016 patent is not infringed.

**COUNT IV**
**(Invalidity of the ’016 Patent)**

21. Par incorporates by reference, as if fully set forth herein, the preceding paragraphs of its Answer and Counterclaims.

22. Each and every claim of the ’016 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

23. A definite and concrete, real and substantial, justiciable controversy exists between Par and Alcon, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity of the ’016 patent.

24. Par is entitled to a declaratory judgement that the ’016 patent is invalid.

**PRAYER FOR RELIEF**

A. A judgment declaring that Par’s importation, manufacture, use, offer for sale, or sale of the product that is the subject of ANDA No. 204424 would not infringe any valid claim of the ’804 patent.

B. A judgment declaring all claims of the ’804 patent invalid.

C. A judgment declaring that Par’s importation, manufacture, use, offer for sale, or sale of the product that is subject of ANDA No. 204424 would not infringe any valid claim of the ’016 patent.

D. A judgment declaring all claims of the ’016 patent invalid.

E. A decision that this case be deemed exceptional under 35 U.S.C. § 285.

F. Attorneys’ fees and costs of suit.

G. Such other relief as the Court may decide is just and proper.

Dated: December 21, 2015

By: */s/ Peter L. Giunta*

Peter L. Giunta
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022-6030
212.536.3900 (T)
212.536.3901 (F)
peter.giunta@klgates.com

*Of Counsel*

Michael J. Freno
Theodore J. Angelis
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
206.623.7580 (T)
206.623.7022 (F)
michael.freno@klgates.com
theo.angelis@klgates.com
(*pro hac vice* applications to be filed)

*Attorneys for Defendant*
*Par Pharmaceutical, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2015, I caused the foregoing to be served on the following people by the following means.

**VIA ECF**

Robert M. Goodman
Thomas K. Murphy III
Greenbaum Rowe Smith & Davis LLP
75 Livingston Avenue, Suite 301
Roseland, NJ 07068
(973) 535-1600

/s/ *Peter L. Giunta*