Robert M. Goodman
C. Brian Kornbrek
Thomas K. Murphy III
**GREENBAUM ROWE SMITH & DAVIS LLP**
75 Livingston Avenue
Roseland, NJ 07068
(973) 535-1600

*Attorneys for Plaintiffs*

Christopher N. Sipes
Keith A. Teel
Christopher T. Zirpoli
Ashley M. Kwon
Christopher G. Higby
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALCON PHARMACEUTICALS LTD., ALCON LABORATORIES, INC., and ALCON RESEARCH, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>PAR PHARMACEUTICAL, INC.,<br><br>Defendant. | Civil Action No. 3:15-cv-07240-PGS-DEA<br><br>Document Filed Electronically |

**PLAINTIFFS' ANSWER TO COUNTERCLAIMS OF
<u>PAR PHARMACEUTICAL, INC.</u>**

Plaintiffs/Counter-Defendants Alcon Pharmaceuticals Ltd., Alcon Laboratories, Inc., and Alcon Research, Ltd. (collectively, "Plaintiffs" or "Alcon"), by their attorneys, and for their answer to the Counterclaims filed on December 21, 2015 by Defendant/Counter-Plaintiff Par Pharmaceutical, Inc. ("Defendant" or "Par"), aver as follows:

1. Upon information and belief, Plaintiffs admit the allegations of Paragraph 1.

2. Plaintiffs admit the allegations of Paragraph 2.

3. Plaintiffs admit the allegations of Paragraph 3.

4. Plaintiffs admit the allegations of Paragraph 4.

5. Plaintiffs admit that Par has filed declaratory judgment counts. The remainder of Paragraph 5 states legal conclusions to which no response is required, but to the extent a response is required, Plaintiffs deny the remainder of the paragraph.

6. Plaintiffs admit the allegations of Paragraph 6.

7. Plaintiffs admit that they commenced this action for patent infringement as set forth in the Complaint (D.I. 1). Plaintiffs do no contest personal jurisdiction for purposes of this action only. Plaintiffs deny the remainder of Paragraph 7.

8. Plaintiffs do not contest venue for purposes of this action.

**COUNT I**
**(Declaratory Judgment of Non-infringement of the '804 Patent)**

9. Plaintiffs incorporate Paragraphs 1 through 8 above as if fully set forth herein. To the extent that Par seeks to incorporate any allegations contained in its Answer to Plaintiff's' Complaint by reference, whether into Counterclaim Paragraph 9 or any other Counterclaim paragraph, Plaintiffs deny any such allegations that are not unequivocal admissions of the allegations in Plaintiffs' Complaint.

10. Plaintiffs deny the allegations of Paragraph 10.

11. Plaintiffs admit that a concrete, real and substantial, justiciable controversy exists between Par and Plaintiffs regarding Par's infringement of the '804 patent. Plaintiffs deny the remainder of Paragraph 11.

12. Plaintiffs deny the allegations of Paragraph 12.

**COUNT II**
**(Declaratory Judgment of Invalidity of the '804 Patent)**

13. Plaintiffs incorporate Paragraphs 1 through 12 above as if fully set forth herein. To the extent that Par seeks to incorporate any allegations contained in its Answer to Plaintiffs' Complaint by reference, whether into Counterclaim Paragraph 13 or any other Counterclaim paragraph, Plaintiffs deny any such allegations that are not unequivocal admissions of the allegations in Plaintiffs' Complaint.

14. Plaintiffs deny the allegations of Paragraph 14.

15. Plaintiffs admit that a concrete, real and substantial, justiciable controversy exists between Par and Plaintiffs regarding the validity of the '804 patent. Plaintiffs deny the remainder of Paragraph 15.

16. Plaintiffs deny the allegations of Paragraph 16.

**COUNT III**
**(Non-infringement of the '016 Patent)**

17. Plaintiffs incorporate Paragraphs 1 through 16 above as if fully set forth herein. To the extent that Par seeks to incorporate any allegations contained in its Answer to Plaintiffs' Complaint by reference, whether into Counterclaim Paragraph 17 or any other Counterclaim paragraph, Plaintiffs deny any such allegations that are not unequivocal admissions of the allegations in Plaintiffs' Complaint.

18. Plaintiffs deny the allegations of Paragraph 18.

19. Plaintiffs admit that a concrete, real and substantial, justiciable controversy exists between Par and Plaintiffs regarding Par's infringement of the '016 patent. Plaintiffs deny the remainder of Paragraph 19.

20. Plaintiffs deny the allegations of Paragraph 20.

**COUNT IV**
**(Invalidity of the '016 Patent)**

21. Plaintiffs incorporate Paragraphs 1 through 20 above as if fully set forth herein. To the extent that Par seeks to incorporate any allegations contained in its Answer to Plaintiffs' Complaint by reference, whether into Counterclaim Paragraph 17 or any other Counterclaim paragraph, Plaintiffs deny any such allegations that are not unequivocal admissions of the allegations in Plaintiffs' Complaint.

22. Plaintiffs deny the allegations of Paragraph 22.

23. Plaintiffs admit that a concrete, real and substantial, justiciable controversy exists between Par and Plaintiffs regarding the validity of the '804 patent. Plaintiffs deny the remainder of Paragraph 23.

24. Plaintiffs deny the allegations of Paragraph 24.

**PAR'S PRAYER FOR RELIEF**

Plaintiffs deny that Defendants are entitled to any of the relief they have requested or to any other relief.

Plaintiffs further deny each allegation in Par's Counterclaims that was not specifically admitted, denied, or otherwise responded to in this Answer.

**AFFIRMATIVE DEFENSES**

In response to Defendants' counterclaims, Plaintiffs assert the following affirmative and other defenses. In asserting these defenses, Plaintiffs do not assume the burden of proof with respect to any issue upon which applicable law puts the burden of proof upon Defendants.

**First Affirmative Defense**

25. Defendants' counterclaims, in whole or in part, are barred because they fail to state a cause of action upon which relief may be granted.

**Second Affirmative Defense**

26. Defendants' counterclaims, in whole or in part, are non-justiciable.

**Third Affirmative Defense**

27. Plaintiffs have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely upon such other affirmative defenses as may become available or apparent during discovery proceedings. Plaintiffs further reserve the right to amend their Answer and/or their affirmative defenses accordingly, and/or to delete affirmative defenses that Plaintiffs determine during the course of subsequent discovery are not applicable.

**ALCON'S PRAYER FOR RELIEF ON PAR'S COUNTERCLAIMS**

WHEREFORE, ALCON seeks the following relief:

A. A judgment dismissing with prejudice Par's claims and denying all relief sought by Par;

B. Awarding Plaintiffs the relief requested in their Complaint; and

C. Granting such further and other relief as this Court deems to be just and proper.

Dated: January 13, 2016

Respectfully submitted,

*/s/ Robert M. Goodman*
Robert M. Goodman
C. Brian Kornbrek
Thomas K. Murphy III
**GREENBAUM ROWE SMITH & DAVIS LLP**
75 Livingston Avenue
Roseland, NJ 07068
(973) 535-1600

Christopher N. Sipes
Keith A. Teel
Christopher T. Zirpoli
Ashley M. Kwon
Christopher G. Higby
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

*Attorneys for Plaintiffs*

**CERTIFICATION OF FILING AND SERVICE**

ROBERT M. GOODMAN hereby certifies as follows:

1. I am an Attorney-at-Law of the State of New Jersey and a partner at the law firm of Greenbaum, Rowe, Smith & Davis LLP, attorneys for Plaintiffs Alcon Pharmaceuticals Ltd. ("Alcon Pharmaceuticals"), Alcon Laboratories, Inc. ("Alcon Laboratories"), and Alcon Research, Ltd. ("Alcon Research") (collectively, "Plaintiffs" or "Alcon") in the above matter.

2. On the date indicated below, I caused to be e-filed Alcon's Answer to the Counterclaims filed by Defendant Par Pharmaceutical, Inc. ("Defendant" or "Par").

3. On the date indicated below, I caused the above referenced documents to be served on counsel of record via the ECF system.

4. I certify that the foregoing statements made by me are true to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ Robert M. Goodman*

DATED: January 13, 2016